**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BRODERICK PATTERSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-17-1154 |
| OFFICER T. BROWN, *et al.*, | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

Plaintiff Broderick Patterson, a former state inmate, alleges that while he was incarcerated, he was denied adequate medical care and also was denied access to courts in retaliation for his having filed a formal complaint. Compl. 4, ECF No. 1. On August 4, 2017, Defendants the Department of Public Safety and Correctional Services ("DPSCS"), the Commissioner of Correction, Lieutenant Chukwuemeka Nkwocha, Sergeant Valentine Ning, and Correctional Officer II T. Brown (collectively "Defendants") filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment. Def.'s Mot., ECF No. 11. On August 28, 2017, Plaintiff filed a Motion for Leave to Amend the Complaint, Pl.'s Mot. to Am., ECF No. 13, which was granted, ECF No. 15.[1] Because Plaintiff supplemented his allegations, I denied Defendants'' motion without prejudice. *Id.* Plaintiff added an allegation that on May 9, 2017, Defendant Brown wrote another "false infraction" against him and that he was transferred in retaliation for his filing his Complaint in this action. Pl.'s Suppl. Alleg. 1.

[1] The Court granted Plaintiff's motion and required Defendants to respond to the new allegations contained within Plaintiff's motion. ECF No. 15. No other document was submitted or docketed by Plaintiff, and therefore, I will refer to the allegations in Plaintiff's motion as Plaintiff's Supplemental Allegations ("Pl.'s Suppl. Alleg.").

Defendants renewed their Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, and incorporated by reference the arguments contained within their first motion. Defs.' Second Mot., ECF No. 18. On March 9, 2018, the Clerk of the Court informed Mr. Patterson that Defendants filed a dispositive motion; that he had seventeen days in which to file a written opposition to the motion; and that if he failed to respond, summary judgment could be entered against him without further notice. *See* ECF No. 19; *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Mr. Patterson has not responded. A hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2016). Defendants' Motion to Dismiss will be granted. Because Mr. Patterson's allegations have not been administratively exhausted, his complaint will be dismissed without prejudice.

**Background**

Plaintiff alleges that on January 23, 2017 at 4:45 a.m., he went to the medical department for a glucose level check and for a possible insulin injection. Compl. 4. He alleges that Officer Brown and Sergeant Ning denied him access to the medical department and that Officer Brown and Sergeant Ning had previously denied him access to the medical department for several weeks. *Id*. Plaintiff was served with a Notice of Inmate Rule Violation on January 24, 2017. Green Decl. & Admin. R. 12, ECF No. 11-7. Plaintiff ultimately was found not guilty of the rule violation based on his presenting evidence that he was diabetic. *Id*. at 21. Plaintiff filed an administrative remedy procedure ("ARP"), Number CMCF-0043-17, on February 7, 2017, complaining that Brown, Nkwocha, and Ning denied him access to medical care and seeking "compensatory and punative damages for the denial of access to medical treatment, interference with [his] constitutional right to file a grievance (access to court) and retaliation for filing a

complaint . . . ."[2] *Id.* at 2–3. After an investigation the ARP was dismissed by the Warden on May 19, 2017. *Id*. at 4–6.

On May 9, 2017, Plaintiff received a notice of inmate rule violation for "intimidating, threatening, or using coercive language against staff," Scramlin Decl. ¶ 2, ECF No. 18-10, when, on that same date, he said to Brown, "yeah and that bogus ticket that you wrote on me. If you weren't pregnant I would slap the shit out of you but I guess you are too old for that." May 9, 2017 Notice of Violation 2, ECF No. 18-12. Plaintiff did not file an ARP regarding the May 9, 2017 inmate rule violation, his transfer from CMCF to BCF, or his lost property. Scramlin Decl. ¶ 4.

## **Standard of Review**

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Under this Rule, Patterson's Complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006)). If an affirmative defense "clearly appears on the face of the complaint," however, the Court may rule on that defense when

[2] This is Mr. Patterson's only reference to interference with "access to court." Green Decl. & Admin. R. 3

considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citation and quotation marks omitted)). Failure to exhaust administrative remedies is one such affirmative defense. *Kilpatrick v. Hollifield*, 592 F. App'x 199, 200 (4th Cir. 2015).

**Discussion**

Defendants argue that Plaintiff has failed to exhaust his administrative remedies. Defs.' Mem. 18–20. The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he phrase 'prison conditions' encompasses 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)), *aff'd*, 98 Fed. App'x 253 (4th Cir. 2004).

A claim that has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). In other words, exhaustion is mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Therefore, a court ordinarily "may not excuse a failure to exhaust." *Id.* at 1856 (*citing Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion")). Moreover, "[e]xhausting administrative remedies after a complaint is filed will not prevent a case from being dismissed for failure to exhaust administrative remedies. Exhaustion is a precondition to filing suit in federal court." *Kitchen v. Ickes*, 116 F. Supp. 613, 624–25 (D. Md. 2015) (internal citation omitted).

For most grievances filed by Maryland state prisoners, filing a request for administrative remedy ("ARP") with the prison's managing official is the first of three steps in exhausting administrative remedies as required under § 1997e(a). *See* Md. Code Regs. 12.07.01.04. The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. *Id*. at 12.07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. *Id.* at 12.07.01.05C. If the appeal is denied, the prisoner has 30 days to file a grievance with the Inmate Grievance Office ("IGO"). *See* Md. Code Ann., Corr. Servs. §§ 10-206, 10-210; Md. Code Regs. 12.07.01.03 and 12.07.01.05B. The IGO then reviews the complaint and either dismisses it without a hearing, if it is "wholly lacking in merit on its face," or refers it to an administrative law judge for a hearing. Corr. Servs. §§ 10-207, 10-208; Cts. & Jud. Proc. § 10-208(c); Md. Code Regs. 12.07.01.06A, .07, .07B, .08. The administrative law judge, in turn, may deny all relief or conclude that the inmate's complaint is wholly or partly meritorious, after which the Secretary of DPSCS must make a final agency determination within fifteen days of receipt of the proposed decision. *See* Corr. Servs. § 10-209(b)-(c).

Plaintiff filed ARP CMCF-0043-17 on February 7, 2017 alleging that Defendants denied him medical care and interfered with his right to file a grievance and retailed against him. Green Decl. & Admin. R. 2, ECF No. 11-7. After not receiving a response from the Warden within thirty days, Plaintiff was entitled to file an appeal to the Commissioner; however instead of doing so, he bypassed an appeal to the Commissioner, and on April 19, 2017, he filed a grievance with the IGO. Neverdon Decl. ¶ 3(a), ECF No. 11-9. On April 26, 2017, a week later and prior to the IGO responding to his grievance, Plaintiff filed his Complaint in this case. Compl. On June 15,

2017, in an apparent effort to exhaust his administrative remedies, Plaintiff, without referencing his ARP complaint number, sent a letter to the Commissioner complaining that he had not received a response from the Warden. Wolfe Decl. & Attach. 1, ECF No. 11-8. And as for the May 9, 2017 incident, where Plaintiff alleges that he received "another false infraction," Pl.'s Suppl. Alleg. ¶ 1, it is evident that Plaintiff did not ever initiate the ARP process. Scramlin Decl. ¶ 4, ECF 18-10 ("There is no record at either CMCF or BCF that Inmate Patterson ever filed an Administrative Relief Process (ARP) claim with regard to the May 9, 2017 [Notice of Inmate Rule Violation], his subsequent transfer from CMCF to BCF, or a claim of lost property.").

It is clear that Plaintiff failed to exhaust his administrative remedies before instituting this case. Plaintiff has not offered an explanation for his failure to properly complete the administrative remedy process, but for the conclusory statement in his Complaint that he seeks damages to compensate "for denial of access to the courts (filing of grievance)." Compl. 4. This conclusory statement does not provide the Court a ground to excuse his non-exhaustion. *Johnson v. Joubert*, JFM-11-2850, 2012 WL 2403407, at *5 (D. Md. June 25, 2012) (holding that conclusory statements, alleging that filing an appeal would be futile, were insufficient to avoid dismissal for failure to exhaust); *Graham v. Cty. Of Gloucester, Va.*, 668 F. Supp. 2d 734, 740 (E.D. Va. 2009). Moreover, the evidence in the record is that he was able to and did submit an ARP on February 7, 2017, but that he did not properly exhaust the procedure.

Further, exhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. *See Neal v. Goord*, 267 F.3d 116, 121–22 (2d Cir. 2001) (overruled on other grounds). In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court . . . . The prisoner, therefore, may

not exhaust administrative remedies during the pendency of the federal suit." *See Kitchen*, 116 F. Supp. 3d at 624–25 (D. Md. 2015); *Miller v. McConneha, et al.*, No. JKB-15-1349, 2015 WL 6727547, at *3–4 (D. Md. Nov. 11, 2015). Therefore, Plaintiff's claims are dismissed without prejudice. *See Jones v. Bock*, 549 U.S. at 220; *Kitchen*, 116 F. Supp. 3d at 624. It is unclear to the Court whether he still may be able to exhaust his claims and, then file another suit; therefore, dismissal without prejudice is proper.

August 31, 2018
Date

/S/
Paul W. Grimm
United States District Judge